# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1563 | **DATE** | 9/9/2010 |
| **CASE TITLE** | Dexia Credit Local vs. Cuppy, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies defendant Cuppy's motion for recusal [docket no. 16].

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Frederick Cuppy, a defendant in Case No. 10 C 1563 and a citation respondent in Case No. 02 C 8288, has moved for the Court's recusal pursuant to 28 U.S.C. § 455(a). That statute provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

The Court notes initially that the motion is almost certainly untimely in both cases. Mr. Cuppy bases his motion entirely on rulings the Court has made in Case No. 02 C 8288 that were adverse to him. Those rulings were made in July 2009, and Mr. Cuppy makes no suggestion that he was not aware of the rulings at or about that time. Yet in that case, he waited until close to a hearing date to make his motion, and in Case No. 10 C 1563, he waited until the Court denied his motion to dismiss for failure to state a claim. Mr. Cuppy's contention that he made the motion at the earliest feasible time does not hold water; he provides no support for the proposition that he would have forfeited his motion to dismiss for lack of personal jurisdiction by raising the issue of recusal earlier.

That said, the motion is deficient on its merits. As the Court has indicated, Mr. Cuppy bases the motion entirely on rulings the Court made in Case No. 02 C 8288. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Rather, they do so only if they "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Mr. Cuppy cites nothing in any of the Court's rulings that comes close to meeting that standard. The rulings were based on the evidence presented, not on any extra-judicial source or on any hostility or antagonism against Mr. Cuppy. The fact that the Court rejected evidence offered by the Rogan children on credibility grounds does not provide a basis for a claim of partiality. The same is true of Mr. Cuppy's contention that a particular finding the Court made in its July 2009 ruling was unsupported by the evidence. These particular points, which were a very small part of the Court's forty-eight page ruling in that case, are not reflective of any bias against Mr. Cuppy.

| STATEMENT |
|---|
| The Court does not know at this point whether any of the findings it made in the July 2009 ruling – which involved a trial in which Mr. Cuppy was not a party – will be offered or will be admissible in either of the present matters. The Court assures Mr. Cuppy, however, that it has no bias, hostility, or antagonism toward him and that it will do its best to decide the case fairly to both sides based on the law and the evidence.<br><br>For these reasons, the Court denies Mr. Cuppy's motion for recusal. |